AO 106A  (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

## UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>Yellow 4-door Mitsubishi bearing VIN JA3AJ86EX2U009317 and New Mexico license plate 813RWY, stored at Buck's Towing, Shiprock, NM | )<br>)<br>) Case No.   **23mr831**<br>)<br>)<br>) |

### APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____ District of _____New Mexico_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S. Code § 1153 | Offenses committed within Indian Country |
| 18 U.S. Code § 113(6) | Assault resulting in serious bodily injury |

The application is based on these facts:
See attached affidavit, submitted by SA Travis Kosir and approved by Supervisory AUSA Elisa Dimas

☑ Continued on the attached sheet.

☐ Delayed notice of ____ days *(give exact ending date if more than 30 days:* ____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*/s/ Travis Kosir*
Applicant's signature

FBI Special Agent Travis Kosir
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
SWORN TELEPHONICALLY SIGNED ELECTRONICALLY   *(specify reliable electronic means)*.

Date:   4/21/2023

*/s/ B. Paul Briones*
Judge's signature

City and state:   Farmington, NM     B. Paul Briones, U.S. Magistrate Judge
Printed name and title

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF A YELLOW 4-DOOR MITSUBISHI BEARING VIN JA3AJ86EX2U009317 AND NEW MEXICO LICENSE PLATE 813RWY, STORED AT BUCK'S TOWING, SHIPROCK, NEW MEXICO | Case No. _____ |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Travis Kosir, being duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the search of the vehicle described below and in Attachment A. This affidavit is made in support of an application for a search warrant for a yellow colored 4-door Mitsubishi bearing vehicle identification number ("VIN") JA3AJ86EX2U009317 and New Mexico license plate 813RWY (referred to herein as "TARGET VEHICLE") which is currently located in Shiprock, New Mexico.

2. I am a Special Agent of the Federal Bureau of Investigation ("FBI"), where I have been employed in that capacity since March 2016. I am currently assigned to the Albuquerque Division of the FBI, Farmington Resident Agency, and have primary investigative responsibility for crimes that occur in Indian Country, including violent crimes such as homicide, robbery, arson, aggravated assault, and sexual assault. I have knowledge and experience in conducting such investigations through previous case investigations, formal training, and in consultation with law enforcement partners in local, tribal, state, and federal law enforcement agencies. As a Federal

1

Agent, I am authorized to investigate violations of the laws of the United States and have authority to execute arrest and search warrants issued under the authority of the United States.

3. The information set forth in this affidavit has been derived from an investigation conducted by the Farmington Resident Agency of the FBI, the Navajo Nation Department of Criminal Investigations ("NNDCI"), and the Navajo Police Department ("NPD").

4. This affidavit is based upon information from my personal observations, my training and experience, and information reported to me by other federal, state, local, and tribal law enforcement officers during the course of their official duties. Throughout this affidavit, reference will be made to law enforcement officers. Law enforcement officers are those federal, state, local, and tribal law enforcement officers who have directly participated in this investigation.

5. Based on the facts set forth in this affidavit, there is probable cause to believe violations of United States Code Title 18 §1153 – Offenses committed within Indian country, and §113(6) – Assault resulting in serious bodily injury, were committed by Jazmyne DESCHINNY (referred to herein as "DESCHINNY"), year of birth 2002, and that evidence of such crimes may be contained in the TARGET VEHICLE.

6. On or about April 10, 2023, the TARGET VEHICLE was sealed by the Navajo Police Department and towed from the scene of the crash to Buck's Towing. The TARGET VEHICLE is currently secured at Buck's Towing in Shiprock, New Mexico.

7. This affidavit is intended to show there is probable cause for the requested search warrant and does not set forth all of my knowledge about this matter. The statements in this affidavit are based on my personal knowledge, information that I have received from other law enforcement personnel, and from persons with knowledge regarding relevant facts. Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and

every fact known to me concerning this investigation. I have set forth facts that I believe are sufficient to establish probable cause to obtain the requested search warrant.

## PROBABLE CAUSE

8. On or about April 11, 2023, the FBI Albuquerque, Farmington Resident Agency was notified by NNDCI of a two vehicle crash in Shiprock, NM in vicinity of GPS coordinates N36.785000 W108.684750. The crash resulted in two individuals, identified by initials G.E. and year of birth 2020 (hereinafter referred to as "JOHN DOE") and initials K.E. and year of birth 2012 (hereinafter referred to as "JANE DOE"), sustaining serious bodily injuries requiring transport by medical air care to the University of New Mexico Hospital in Albuquerque, NM ("UNM Hospital").

9. The crash reported to NPD emergency dispatch involved the TARGET VEHICLE and a truck pulling a flatbed trailer. NPD responded to the scene and determined the TARGET VEHICLE crashed into the flatbed trailer being towed by the truck. There were eight occupants of the TARGET VEHICLE, including JOHN DOE and JANE DOE. The driver of the TARGET VEHICLE was identified as DESCHINNY. All eight occupants of the TARGET VEHICLE were transported to Norther Navajo Medical Center in Shiprock, NM. JOHN DOE and JANE DOE were subsequently transferred to the UNM Hospital by medical air care due to the gravity of their injuries. Medical records regarding toxicology results from Northern Navajo Medical Center indicated DESCHINNY was positive for cannabinoids, opiates, and had a blood alcohol content of .264.

10. On or about April 12, 2023, your affiant telephonically contacted UNM Hospital to inquire about the status of JOHN DOE and JANE DOE. JOHN DOE and JANE DOE were being treated in the Pediatric Intensive Care Unit. You affiant was informed that JOHN DOE was in critical but

stable condition and had sustained a depressed skull fracture, brain bleeds, bilateral sinus fractures, and intraventricular hemorrhage. JOHN DOE was in the process of having multiple surgeries to address the injuries he sustained. Additionally, you affiant was informed that JOHN DOE required seven minutes of CPR after arriving at UNM Hospital in order to recover his pulse. JANE DOE was intubated and on a ventilator with a broken wrist, multiple facial fractures, and damage to her coronary artery.

11. On or about April 17, 2023, the FBI and NNDCI conducted a non-custodial interview of DESCHINNY at her residence in Shiprock, NM. DESCHINNY stated she had been driving the TARGET VEHICLE with seven other occupants when the crash occurred. DESCHINNY admitted to consuming approximately three "doubles" of 99 brand alcoholic beverages in addition to drinking an unknown quantity of an unknown alcohol from a water bottle provided by an individual identified with initials M.C. and year of birth 1981 (hereinafter referred to as "WITNESS 1") prior to the crash.

12. DESCHINNY stated she drove WITNESS 1, along with JOHN DOE, JANE DOE, and four other occupants including three other juveniles, from her residence in Shiprock, NM to a different residence on the east side of Shiprock, NM in order to pick up WITNESS 1's EBT card. They were at the residence for a brief period of time before departing to return to DESCHINNY's residence. On the return trip to DESCHINNY's residence, DESCHINNY attempted to pass through an intersection with a yellow light in an attempt to beat the light and collided with the trailer of a truck. DESCHINNY pressed the brakes prior to the crash.

13. On or about April 17, 2023, WITNESS 1 was interviewed by the FBI and NNDCI. WITNESS 1 stated that prior to the crash DESCHINNY had been drinking with her boyfriend at WITNESS 1's residence and were both intoxicated. DESCHINNY's boyfriend then drove the

eight individuals previously referenced to the residence on the east side of Shiprock then to the 7/2/11 Store nearby. At the 7/2/11 Store, DESCHINNY got into the driver seat and took over driving back towards DESCHINNY's residence. WITNESS 1 had tried to convince both DESCHINNY and DESCHINNY's boyfriend to let WITNESS 1 drive, but they would not let her. WITNESS 1 was telling DESCHINNY to slow down when they struck the trailer being towed by the truck. WITNESS 1 stated DESCHINNY did not hit the brakes nor try to swerve to miss the trailer before the impact. WITNESS 1 did not see what color the traffic light was.

14. Based on the information within this affidavit, I believe that evidence of a crime can be found by conducting a search for physical items related to drug or alcohol consumption, including alcoholic beverages, alcoholic beverage containers including cans, glass and plastic bottles, and water bottles, any packages used to advertise, store and transport alcoholic beverages, documents showing the advertisement, sale, purchase, use, consumption, transfer and storage of alcoholic beverages, including receipts, controlled substances, drug paraphernalia, drug packaging materials and containers used to hold controlled substances within the TARGET VEHICLE. A search for items related to who was in the TARGET VEHICLE at the time of the crash, including items which establish or tend to establish possession, use, occupancy, presence, and the right to possession of the TARGET VEHICLE at the time of the crash, will assist to identify who may have been involved in the crash and who was a witness to the events leading up to the crash. Photographs of both the interior and exterior of the vehicle will also assist in the investigation and identify physical evidence related to drug and alcohol consumption.

## JURISDICTIONAL STATEMENT

15. JOHN DOE and JANE DOE are enrolled members of the Navajo Nation Tribe.

16. DESCHINNY is an enrolled member of the Navajo Nation Tribe.

17. The location of the crash is within the exterior boundaries of the Navajo Nation Indian Reservation.

18. The Navajo Nation is a federally recognized Indian Tribe.

## **CONCLUSION**

19. Based on the facts set forth in this affidavit, there is probable cause to believe violations of United States Code Title 18 §1153 – Offenses committed within Indian country, and §113(6) – Assault resulting in serious bodily injury, were committed by DESCHINNY and that evidence, contraband, and/or instrumentalities of violations of such crimes may be contained in the TARGET VEHICLE.

20. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41.

21. Supervisory Assistant United States Attorney Elisa Dimas reviewed and approved this affidavit in support of an application for a search warrant for legal sufficiency to establish probable cause.

22. I swear that this information is true and correct to the best of my knowledge and belief.

Respectfully Submitted,

Special Agent Travis Kosir
Federal Bureau of Investigation

Sworn telephonically, signed remotely, and transmitted by email this 21st day of April 2023.

The Honorable B. Paul Briones
United States Magistrate Judge

6

## ATTACHMENT A

## Property to Be Searched

The interior and exterior of a yellow 4-Door Mitsubishi bearing VIN JA3AJ86EX2U009317 and New Mexico license plate 813RWY currently secured at Buck's Towing in Shiprock, New Mexico, identified as the TARGET VEHICLE.

1

## ATTACHMENT B

### Particular Things to be Seized

As a result of this investigation, there is probable cause to believe that contained within the interior and/or exterior of the yellow 4-Door Mitsubishi bearing VIN JA3AJ86EX2U009317 and New Mexico license plate 813RWY, there is evidence related to 18 U.S.C §1153 – Offenses Committed Within Indian Country, 18 U.S.C §113(6) – Assault resulting in serious bodily injury. The search warrant authorized the collection of the following:

1. Alcoholic beverage(s) and/or alcoholic beverage container(s) containing any amount of beverage whether open or closed, including cans, glass and plastic bottles, and water bottles.
2. Any package(s) apparently used to advertise, store and/or transport alcoholic beverage(s).
3. Any document(s) recorded on any media which indicates and/or tends to indicate the advertisement, sale, purchase, use, consumption, transfer and/or storage of alcoholic beverage(s), including receipts of purchase.
4. Controlled substances, including drug paraphernalia, drug packaging materials, and containers used to hold controlled substances.
5. Item(s) which establish or tend to establish possession, use, occupancy, presence and/or the right to possession of the vehicle to be searched.
6. Photographs of both the interior and exterior of the vehicle, and items to be seized.